Good morning, Your Honors. My name is James Todd Bennett. I am representing the Respondent Jesus Garcia-Tellez, and I'd like to reserve two minutes of my time for rebuttal. That's fine. The clock is ticking down. I understand. Three issues are in front of the Court here. First, the overarching issue whether or not the determination, either under the withholding statute or the asylum statute, that this offense constitutes an aggravated felony drug-trafficking offense is the primary overarching issue. Then subordinate to those two issues are the issues of whether the application of the law, as opposed to the determination made under the withholding statute as the particularly serious crime issue, violated the administrative decisions that govern. In other words, we're not questioning and we can't question the discretionary determination under the statute, but I believe that the amendments after the Real I.D. Act permits the review of the legal issue as to whether or not there's been an application of the law, a misapplication of the law in terms of making that determination. On the then, in addition to that, whether the findings under the asylum statute are properly lit, if he wins, if the issue is decided that this is an aggravated felony, then there's naturally an automatic bar there under the statute for the asylum purpose. However, if it's not, then it needs to be remanded in order to make a particularly serious crime finding, because no such hearing was held by the immigration judge. Now, the government claims that Mr. Garcia-Tellez has failed to exhaust his remedies below and that the Court is without jurisdiction to decide these issues. Why do you believe that Mr. Garcia-Tellez has exhausted his remedies and arguments below? I believe that after the briefing was completed with the BIA and at the time of the decision, Lopez was decided by the Supreme Court. And that sets unequivocally, I think, the way I read Lopez, a uniform national standard for what is a drug trafficking offense in an aggravated felony context. That necessarily applies to the case at hand where it's being evoked as a bar to relief. Now, the reason why I believe that can be raised at this point, two reasons. Number one, I think the set of law in this circuit is that a post, an intervening change in the law can be raised for the first time on appeal, but also BIA did address Lopez in its decision. It mentions it specifically as to the determination of the whether or not this is an aggravated felony. But why do you think Lopez changed the law, constitutes a change in the law? Wasn't there prior authority that previously had stood for the same proposition? True, but I believe there is a caesareus guterres in this circuit in particular, and that was mentioned in the briefs, excuse me, below, and that what the change with Lopez, what Lopez does is unequivocally makes a uniform national standard. So therefore, the findings of the BIA have to necessarily be, even though they're governed by circuit law for that circuit, now has to apply the law uniformly nationwide. I believe that's a significant enough of a change to be able to raise here. Well, let's just assume you've got the let's just assume that exhaustion isn't a problem. So what's the heart of your argument here on the merits? On the merits, Your Honor, the question is whether this is an aggravated felony under the Controlled Substance Act. And when you look at the statutory references commencing with the definition of an aggravated drug trafficking crime under 1101A.43b, you referred back to that section of the criminal code, Federal Criminal Code, 18 U.S.C. 924C. It incorporates it broadly. However, there you referred once again back to the Controlled Substance Act in the circumlocution of the statutes. So you referred back to the schedules. So the key issue here, I think, before the Court is whether or not the schedules itself in the State of California are broader than the CSA statute. Didn't we just recently sort of address this particular California statute? No. I believe that's that statute, if you're referring to, I think it's Gutierrez. No. I'm referring to Ruiz Vidal. Ruiz Vidal. I believe that was the Ruiz Vidal was a question of whether or not. I'm sorry. I'm sorry. I made a mistake. I think I was thinking of S. Young v. Holder. I was thinking of Gutierrez-Cruz, which is cited by the government's brief. Well, Chung-Fung S. Young was decided recently on August 25. And addressing which statute, Your Honor? The one we're dealing with, if I'm not mistaken. 11-378, right? Yes. We said in our recent decision that it was not a categorically an aggravated felony. Correct. And if it's not a categorical aggravated felony, then the question would be whether or not it becomes a, whether it be under the, under construction, under the modified categorical approach, whether it would, in fact, be an aggravated felony. Well, if that holds, with that holding in mind, then the issue becomes whether or not this particular drug, or excuse me, this particular charge, rather, under this statute constitutes an aggravated felony. What do you think they show us? Okay. We have two sets of documents. One, which is a set submitted by Respondent, or excuse me, Petitioner, rather, which essentially would be sort of a Sandoval-Lua submission, if you will, in terms of his argument that this is not an aggravated felony. That consists of a minute order, and it also consists of a probation condition, which refers to the statute generically. The submission by the government has a complaint, has those two documents plus the complaint. Now, it does refer to a, it cites the statute and then specifically says, to wit methamphetamine at the end of the paragraph, I believe in count 2. Now, when the, but when you look at the conviction record itself as a whole, taken as a whole, when you get to the minute order where they actually enter the judgment, you have simply a generic reference to the statute. It's not clear. Well, not only that, but we also, it also tells us in the minute order that he entered a NOLO plea. Correct. And under California law, that doesn't admit anything. It just doesn't admit the specific facts. That would be true if it was not relative to the complaint. It's not. Well, it says here that he pled NOLO to count 2. That's all it tells us. Correct. And count 2, it just says count. Well, it says count 2, and then it also refers generically to the statute. Correct. So he's pleading generically to the statute without admitting anything. Let me ask you something that even, that precedes this line of questioning. Did the BIA even decide this issue on the modified categorical approach? No, it did not. It simply invoked the statute, aggravated felony bar as to asylum, and then agreed with the judge that Y.L. could simply be evoked without any further analysis. Didn't the BIA, didn't they indicate that they were looking at a number of documents, including the minute order and other documents, to conclude that, in fact, Mr. Garcia was convicted of count 2, 11, 378, albeit by NOLO contendere? And doesn't that meet the bare minimum, at least, of the modified categorical approach? Well, they say they look at other documents, but there are no other conviction documents on the record. Well, they said they looked at the C. They refer specifically to Exhibit 4, and they say this conviction record shows that the Respondent was not convicted merely for possession of a controlled substance, but instead for possession and intent to distribute this controlled substance. So what are they doing with that? I do not know where that's coming from, Your Honor. I would have to consult the record when I'm reading to you what was, what they wrote. As far as my canvassing of the record last night, again, once again. I'm not sure what that means. It could just mean they're referring to categorically it was an aggravated felony. Correct. But you don't look at documents to determine whether it's an aggravated felony. Well, you have to look to see what he pled guilty to. Right. The charge. Correct. I see I've got 18 seconds left. You can have a minute in remainder. Thank you, Your Honor. And then I would, yes, briefly address Viegas, which I think is on point on the other issue. Good morning, Your Honors. May it please the court. I'm Carmel Morgan on behalf of the respondent, the U.S. Attorney General. After a full and fair hearing, the respondent who was represented by counsel, and a guardian ad litem, was properly found removable due to his conviction under California Health and Safety Code, Section 11378. The immigration judge properly found that this conviction constituted a particularly serious crime, and that finding is not reviewable by this Court. Another finding that the immigration judge made, which was also correct, is that the Petitioner did not meet his burden of showing that he was entitled to protection under the Convention Against Torture, because he didn't show that he more likely than not would be tortured if removed to Mexico. I would like to briefly address some of the concerns that were raised earlier. First, with regard to S. Young, I believe that the time has not yet run for the government to seek rehearing in that matter. I'm not. I think that's correct. I'm not. There's a motion pending for the for additional time to consider filing a petition for rehearing. But I was correct in what I represented it to be, right? Is that right? You are correct that the Court found that in S. Young. I believe there's another case, slightly different circumstances, because it was looking at sentencing, but there are other cases, more unpublished, and one published one, where the Ninth Circuit kind of inconsistently found that it was a categorical crime. So perhaps that issue is a little bit unresolved. Which case was that? Valet. My Spanish is bad. The Gutierrez-Cruz case, too, which is an unpublished case, appears. But that doesn't count for much if they're unpublished. Correct. I'm not. The issue appears somewhat unsettled. I would say that regardless of the case, there's another Ninth Circuit case interpreting this particular, the exact same. 11-378, I believe so. And it holds, in a sentencing context, and it holds that it's categorical. I believe that is correct. Okay. It, well, I'd have to check my notes on that. Okay. It's been somewhat up in the air. There are other similar statutes to 11-378 where it's been treated as categorical and also not categorical. I would say, though, the government's position is that regardless of which method you apply, whether categorical or modified categorical, that under the circumstances in this case, the documents in the record are sufficient to show that this is an activated case. Why is that? Snellenberger, for one. Snellenberger says you can look to the minute orders. Absolutely. That's correct. So that's not a problem. And what does that minute order tell us? The minute order tells us that he pled guilty to count to, which you can tell if you refer back to the complaint, is possession for sale of methamphetamine. We've also made it clear, though, in another case called United States v. Vidal, where the plea is a NOLO plea that the judgment has to show that he pled guilty pursuant to the, you know, as alleged in the complaint. Yes. I would say that doesn't tell us that here. No, it doesn't, but I would. What it tells us is that he pled convicted on plea of NOLO contendery. I think there's some. And under California law, if you read United States v. Vidal, that court, that case instructs us that a plea of NOLO, the defendant doesn't admit anything, doesn't admit any specific facts. I'm not 100 percent clear, but I believe that there's something called a West plea and that many of the cases are referring, I'm not sure about Ruiz-Vidal specifically, but are talking about a West plea. I'm talking about United States v. Vidal, not Ruiz-Vidal. Oh, I'm sorry. I misunderstood. Ruiz-Vidal would be distinguishable. I'm talking about United States v. Vidal. It's a non-bank opinion. Okay. And that says that the case is interchangeably based. Right. So what United States v. Vidal dealt with was a West plea. Okay. But it also talks in there about a NOLO plea. And it treats a West, California law treats a West plea the same as a NOLO plea. On a NOLO plea, you're not admitting anything in particular. You're just pleading, you're pleading guilty to the charge. You're not admitting any specific facts. Well, but the charge was specifically methamphetamine. But what United States v. Vidal says is that when you do a West plea or a NOLO plea, the judgment has to say, as alleged in the indictment. That doesn't we don't have that here. Methamphetamine is alleged in the complaint. No, but it doesn't say in the minute order that he pled to the indictment as alleged. I would say to that, that implicitly, if it says count two and count two says, methamphetamine, that that's enough in this case. Did the charge allege the amount of the meth? The charge did not. The law itself, I believe, says you have to have a certain amount in order to imply that it was for sale. I don't know what the amount was. Well, the charge was possession for sale. Correct. But the NOLO doesn't admit any specific facts. It just doesn't contest the charge. Correct. And Vidal and Fregoso both say the language, the critical phrase has to be there as charged in the information in order to bring in the indictment or the information and the specifics of the charge. Yeah, I guess the government's position is that magic incantation is not specifically required. It said count two. I can tell you as a district judge that the magic incantations authored by this court have to be followed. There will be many, many cases in which as charged in the indictment, that little phrase is not listed, but it will say count two of the indictment and count two of the indictment specifically references methamphetamine. I want to address as well the conviction against torture claim, which I think the Villegas case pretty much takes care of. It's directly on point as to whether someone who is mentally disabled is able to seek protection under the Convention Against Torture in Mexico due to the same 2020 report from the year 2000. And in Villegas, they said you have to show that there must be a specific intent on the part of the government to torture. And here Mr. Garcia does not show that, just as Mr. Villegas did not show that, that there is any specific intent on the part of the government. Let me ask you two other questions. What's your position on exhaust in here? I would say that Mr. Garcia, the government's position is he did not make his earlier claim had to do with the length of his sentencing and his claim that 8 U.S.C. 924-C required a gun. Correct. But he still he consistently challenged whether or not it was an aggravated felony. For purposes of seeking relief and protection, not for purposes of removal, which is slightly different. Even if he didn't exhaust that argument, I would say that the Court can reach perhaps the argument, but nevertheless, the government. Right. Let me ask one other question. If you read the IJ's concerns, this is a particularly unfortunate case. What were, you know, let's assume he loses all, even if we were to send it back to the BIA and he loses on all this technical stuff, what relief is available to him? Mr. Garcia can seek deferral of removal from the government. The IJ suggested, I believe, in his opinion, that he do so. Now, does he have to wait until all of these proceedings are completed before he can seek that kind of relief? I don't believe there's anything written that says he has to wait. From a policy perspective, it might make more sense if he waits until litigation is concluded, but to my knowledge, he hasn't made a formal request of the agency for deferral at this point in time, and maybe you could. And that's just a pure discretionary determination on the part of the Attorney General? That's correct. A discretionary determination that would not be reviewable by this Court, yes. But isn't it a potential avenue of relief? It's absolutely a potential avenue of relief. Okay. Anything else? Well, your time is up. Thank you. Thank you. Yes, Your Honor, just briefly. You have a minute. Understood. People v. West plea, yes, is similar to the Nolo plea insofar as it doesn't admit to a factual basis. So it's almost identical. Secondly, Villegas, we agree, is pretty much on point as far as the defension against torture claim goes. Finally, as to deferral, I can just briefly address that. Deferral normally comes up when there is a final order entered. Now, there is technically a final administrative order at this point. However, generally, the government's more receptive to it if there is all the remedies have been exhausted. I'd ask for a remand under Ventura to determine the issues that are here before the Court. Thank you very much. Thank you. Garcia, tell us, is a v. Holder is submitted or not at this time?
judges: Leighton, Goodwin, Paez